```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.					CRIMINAL ACTION NO. 2:17-00056

**ETHAN WADE BIRD**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On September 14, 2020, the United States of America appeared by M. Ryan Blackwell, Assistant United States Attorney, and the defendant, Ethan Wade Bird, appeared in person and by his counsel, Gerald M. Titus, III, for a hearing on the petition seeking revocation of probation and the amendment thereto submitted by United States Probation Officer Justin L. Gibson. The defendant commenced a three-year (3) term of probation in this action on December 21, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 22, 2017.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed violations of law in that on January 2, 2020, he committed the offense of misdemeanor possession of a controlled substance for which he was convicted on February 26, 2020, in Fayette County, West Virginia, Magistrate Court; on May 16, 2020, as a convicted felon and a prohibited person, he was in possession of a Ruger R51 9mm pistol; on that same date he was in possession of a machete, being a dangerous weapon; and on that same date he assaulted his mother by threating her with the machete; on June 5, 2020, he committed the offense of destruction of property in the form of a fence which was damaged by a motor vehicle he was driving; on June 17, 2020, the defendant, who admittedly was using Suboxone, was guilty of the offense of driving under the influence; on June 25, 2020, he was again guilty of driving under the influence; and on July 2, 2020, he was guilty of driving under the influence of Suboxone and Xanax; (2) the defendant used and possessed a controlled substance in that on March 18, 2020, he

tested positive for amphetamine which was confirmed positive by the probation office's national testing laboratory on March 22, 2020; (3) the defendant failed to notify the probation officer of his arrests within 72 hours in that he was arrested for driving under the influence on June 17 and June 25, 2020, and at the time of the filing of the petition and the amendment the defendant had not notified his probation officer; and (4) the defendant failed to report for random urinalyses on April 9 and June 19, 2020, as directed by the probation officer; all as set forth in the petition on supervised release and amendment thereto, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth

in 18 U.S.C. § 3565(a)(2), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS AND ONE (1) DAY, to be followed by a term of one (1) year of supervised release upon the same terms and standard conditions as heretofore while he was on probation, with the special condition that he participate in and successfully complete a nine to twelve month residential drug treatment program such as Recovery Point or comparable program as designated by the probation officer where the defendant shall follow the rules and regulations of the facility, and that he commence the program by proceeding directly from his place of incarceration to the residential program, and the special condition that he make himself available for substance abuse counseling and treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 16, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

5